UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CARL T. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>STEUBEN COUNTY JAIL, et al.,<br><br>Defendants. | CAUSE NO. 1:26-CV-396-HAB-ALT |

OPINION AND ORDER

Carl T. Johnson, a prisoner without a lawyer, filed a complaint raising claims about events which happened at the Steuben County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson declared under penalty of perjury that his claims were "grievable, but I did not file a grievance because I did not want to start havoc with jail personnel while incarcerated and a conflict of interest." ECF 1 at 4. Federal law provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The

law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* A belief that the grievance process is futile does not excuse Johnson from the need to exhaust his remedies. *See Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999) ("there is no futility exception to the PLRA's exhaustion requirement"); *see also Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006) (exhaustion is necessary even "if the prisoner believes that exhaustion is futile. The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins."). Because he did not complete the grievance process, Johnson did not exhaust his administrative remedies.

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted <u>must be dismissed</u>; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). Dismissal is harsh, but the court cannot grant him any relief in this case because he did not exhaust before filing.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Because it is legally frivolous to file a case that must be dismissed, it would be futile to grant Johnson leave to amend.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A as legally frivolous because he did not exhaust his administrative remedies before filing this case.

SO ORDERED on August 21, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT